[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and the defendant, whose maiden name was Keith, intermarried at Norwich, Connecticut on April 17, 1982; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Jessica Mikna born September 20, 1986 and Sarah Mikna, born December 15, 1991; that there were no other minor children born to the defendant since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no state agency is presently contributing to the care or welfare of the parties.
The parties testified that the marriage was broken down irretrievably with no hope of reconciliation. Both claimed that their marriage lacked intimacy, lack of sex and lack of communication.
It is clear that the marriage of the parties has irretrievably broken down without any hope for reconciliation and that both parties were equally responsible for the breakdown. CT Page 7655
The plaintiff, who was born September 13, 1949, is in fair to good health. He has been employed at Phelps Dodge for 18 years and works part time at GNC Corp. According to his financial affidavit, his net weekly income is $543.24.
The defendant, who was born July 4, 1956, is in good health. She has been employed as an office manager at a Natchaug Hospital facility located on Hickory Street in Norwich, Connecticut. According to her financial affidavit, her net weekly income is $298.52.
The parties own real estate located at 408 Central Avenue, Norwich, Connecticut, which has no equity due to an existing mortgage on the property.
The property, which the plaintiff inherited from his mother, has two apartments. The plaintiff lives in the first floor apartment and the defendant lives in the second floor apartment.
The defendant owns a 1998 Taurus which is subject to an encumbrance. The plaintiff has a 401K and a pension at Phelps Dodge, value unknown.
Based on the evidence, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the pertinent statutes, it is further ordered:
1. As agreed between the parties, joint legal custody of the two minor children is awarded to the parties, with primary custody to the defendant. The plaintiff shall have reasonable rights of visitation as may be arranged between plaintiff and the children; but shall include three out of each four Saturdays as plaintiff's work schedule permits.
2. The plaintiff shall pay child support of $160.00 per week. However, as long as the defendant lives in the apartment at 408 Central Avenue, the plaintiff's support obligation shall be met by his making the monthly payment on the mortgage. When the defendant vacates the premises, the plaintiff shall pay the child support directly to the defendant.
3. The parties shall each take one child as an exemption for Federal and State tax purposes. When the oldest child reaches the age of 18, the parties shall alternate taking the younger child as a tax exemption with the defendant taking the child as an exemption for the first year.
4. The defendant shall, within 30 days, quit claim all of her interest in 408 Central Avenue, Norwich, Connecticut to the plaintiff. However, the defendant shall be entitled to live in the premises for up to one year from the date of dissolution of their marriage. CT Page 7656
5. While defendant occupies her apartment in 408 Central Avenue, she shall pay one half of the utilities associated with the property and all of her telephone and cable expenses.
6. The defendant shall be entitled to receive one-half of the present value of the plaintiff's 401K and pension at Phelps Dodge by way of a Qualified Relations Order to be prepared by plaintiff's attorney.
7. The plaintiff shall provide medical insurance for the benefit of the minor children as is available at plaintiff's place of employment. Both parties shall share all unreimbursed medical expenses in accordance with the guideline percentages.
8. No alimony is awarded to the plaintiff
9. The plaintiff shall pay to the defendant alimony in the sum of $100.00 per week for 18 months. Thereafter, plaintiff shall pay to the defendant alimony of $75.00 per week for a period of nine years, defendant's remarriage or death, whichever is the first to occur. Said alimony is non-modifiable as to term but in the event of defendant's cohabitation with an unrelated male, pursuant to Connecticut General Statute § 46b-86b, said alimony may be modified or terminated.
10. Each party shall pay their own attorney's fees.
JTR Vasington